UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

GEORGE EVANS, IV,

    Defendant.

                                   /

Case No: 14-20198

HON. AVERN COHN

**MEMORANDUM ON SENTENCING**

    This is a criminal case.  On September 10, 2015 the Court sentenced defendant to a custody term of 24 months followed by two (2) years of supervised release on his plea of guilty to Dealing in Firearms Without a License, in violation of 18 U.S.C. § 922(a)(1)(A), (D).

    The Guideline Range as reflected in the Rule 11 Plea Agreement (Doc. 23) and in the Presentence Investigation Report is 60 months, the statutory maximum for the crime of conviction.  The Court varied downward in the sentence for reasons stated on the record, finding that the factors set forth in 18 U.S.C. § 3553(a) supported the sentence.

    This memorandum restates what the Court said on the record (repeating what was written in the Presentence Investigation Report), to wit:

> Between October 11, 2011 and July 11, 2012 George Devin Evans, IV organized and facilitated the sale of 59 firearms to three different law enforcement officers acting in an undercover capacity (UC's) in Detroit, Michigan.  In each instance Evans talked to the UC's by way of cellular telephone prior to the purchase and often described to the UC's what kind of firearms that he had for sale.  In the

> beginning of the investigation, Evans would have the undercover officers drive him to a location under Evans' direction to complete the deal.  For the first several transactions Evans would be on the phone with the person who actually had the firearms and tell the undercover officers where to drive to meet the seller in order to purchase firearms.
>
> In the beginning of May 2012, Evans began having the undercover officer drive directly to the apartment in the Martin Luther King Homes, and the UC would purchase the guns from Evans in the parking lot of his apartment complex.
>
> During the course of the investigation the UC's purchased three firearms with an obliterated serial number, one of these being a purchase directed to Evans.  The UC's also purchased several stolen firearms, five of them sold directly by Evans.  Additionally, Evans sold one of the undercover officers a short-barreled shotgun . . .  Evans never had a federal firearms license permitting him to engage in the business of dealing arms for profit.

There was no explanation in the record for the manner in which the government investigated defendant's wrongful conduct and engaged his "services" in their efforts to deal with firearms sales in Detroit.  The Court's notation on its Sentencing Council Worksheet says:

> "Where did he get the guns - Who else is being prosecuted"

Given the description of defendant's role in the crime of conviction and the manner he was dealt with, and considering defendant's personal circumstances, it appeared to the Court that a 24 month sentence was sufficient to serve the ends of justice  - always the ultimate goal in sentencing.

S/Avern Cohn  
 AVERN COHN  
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2015
         Detroit, Michigan